IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| MOLLIE H. INGMIRE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:11-CV-256-RWS |
| TARGET CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**ORDER**

This case comes before the Court on Defendant Target Corporation's ("Target") Motion to Dismiss [4]. After a review of the record, the Court enters the following order.

On April 21, 2010, Plaintiff Molly H. Ingmire ("Plaintiff") filed a discrimination charge with the EEOC, alleging that she was terminated by Target because of her age and disability in violation of the ADEA and ADA. Ex. A, Dkt. No. [4-2].[1] On September 30, 2010, the EEOC dismissed her

---

[1] Because Plaintiff refers to her charge in paragraphs 75 and 76 of her Complaint and the charge is central to her claims, the Court may consider the charge without converting the motion into summary judgment. See Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

AO 72A
(Rev.8/82)

charge, and Plaintiff received her right to sue letter "several days later." Dkt. No. [1] at ¶ 76; Dkt. No. [1-1].

On December 28, 2010–within 90 days of receiving her right to sue letter–Plaintiff and her husband filed a complaint against Target, asserting violations of the ADEA, ADA, breach of employment contract, breach of the duty of good faith and fair dealing, breach of contract regarding insurance benefits, tortious termination of insurance benefits, and loss of consortium. Civil Action No. 2:10-cv-280-RWS, Dkt. No. [1]. On March 21, 2011, Plaintiff filed a voluntary stipulation of dismissal without prejudice, and the Clerk dismissed the matter the same day. Civil Action No. 2:10-cv-280-RWS, Dkt. No. [7].

On September 20, 2011, Plaintiff filed a second action against the Defendant, this time asserting claims under the ADEA, ADA, breach of employment contract, and breach of the duty of good faith and fair dealing. Dkt. No. [1]. On December 14, 2011, Defendant filed this motion, seeking to dismiss Plaintiff's federal claims pursuant to the statute of limitations and Plaintiff's state-law claims for failing to state a claim. Two weeks later, on December 28,

2

2011, Plaintiff filed her return of service which states that Defendant's registered agent was served October 5, 2011.

Plaintiff argues that Defendant cannot bring its motion to dismiss because, even though it was served on October 5, 2011, Defendant did not appear until December 14, 2011. Thus, Plaintiff argues, Defendant is in default. However, Plaintiff has never moved for default and did not file evidence that Defendant had been served until after the Defendant appeared. Thus, Defendant is not in default. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.") (emphasis added). Plaintiff has cited no authority for the proposition that a Defendant is automatically in default if the Clerk is never given notice that the Defendant was served and the Plaintiff never moves for default. Accordingly, the Court will consider Defendant's Motion to Dismiss.

A. Federal Claims

Defendant argues that Plaintiff cannot bring her federal claims under the ADEA and the ADA because the 90-day statute of limitations has run. In

3

response, Plaintiff argues that Georgia's state-law renewal statute saves her claims. That provision states:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . .

O.C.G.A. § 9-21-61. Plaintiff argues that because her initial suit was filed within the 90-day federal statute of limitations, Plaintiff may renew her action within six months of the original dismissal without penalty.

However, as the Defendant notes, the Georgia renewal statute does not apply to federal claims when Congress has specifically stated a statute of limitations. See Weldon v. Electronic Data Sys. Corp., 138 F. App'x 136, 138 (11th Cir. 2005) (finding that because Congress stated a statute of limitations for Title VII, the Court would not look to state law, and the Georgia renewal statute would not apply); Sampson v. AT&T Corp., 11 F. Supp. 2d 1380, 1381-82 (quoting Brown v. Harshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991)) ("When Congress has provided a federal statute of limitation for a federal claim, however, state tolling and saving provisions are not applicable."). Here, Congress has established that a plaintiff must bring her claims within

4

ninety days after receiving her right-to-sue letter under the ADA and ADEA. Miller v. State of Georgia, 223 F. App'x 842, 844 (11th Cir. 2007). Therefore, because Plaintiff did not file her second action within that period, and the Georgia savings statute does not apply to these federal claims, Defendant's motion is **GRANTED** as to the federal claims.

### B. State-Law Claims

Additionally, Defendant has moved to dismiss Plaintiff's state-law claims of breach of contract and breach of the duty of good faith and fair dealing for failing to state a claim. Plaintiff did not address these claims in her response and has thus left them unopposed. LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Accordingly, Defendant's motion is also **GRANTED** on Plaintiff's state-law claims.

## Conclusion

As a result of the foregoing, Defendant's Motion to Dismiss [4] is **GRANTED**. The Clerk is directed to close this case.

**SO ORDERED**, this  31st  day of July, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)